# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

CHET MICHAEL WILSON and ANTWANE JOHNSON, on behalf of themselves and others similarly situated,

   Plaintiffs,

v.

LEAFFILTER NORTH, LLC

   Defendant.

:
: CIVIL ACTION FILE NO.
:
:
:
:
:
:
: **COMPLAINT – CLASS ACTION**
:
:
: **JURY TRIAL DEMANDED**
:

Plaintiffs Chet Michael Wilson and Antwane Johnson ("Plaintiffs") (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of their counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      This case involves a campaign by Leaffilter North, LLC ("Leaf Home") to market its services through the use of pre-recorded telemarketing calls in violation of the TCPA.

3.      Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5.      Plaintiffs Chet Michael Wilson and Antwane Johnson are individuals.

6.      Defendant Leaffilter North, LLC is a limited liability company located in this District.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8.      This Court has jurisdiction over Leaf Home because it resides here.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the calls were organized and made from this District.

## BACKGROUND

Calls Made Using a Pre-Recorded Message

10.      The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls.  *See* 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations*

2

*Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd.

14014, 14115 ¶ 165 (2003).

11.     Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless

number in the absence of an emergency or the prior express written consent of the called party.

*See* 47 U.S.C.  § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules &*

*Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831

(F.C.C. 2012).

12.     "[T]elemarketing means the initiation of a telephone call or message for the

purpose of encouraging the purchase or rental of, or investment in, property, goods, or services,

which is transmitted to any person."  47 C.F.R. § 64.1200(f)(12).

13.     "[P]rior express written consent means an agreement, in writing, bearing the

signature of the person called that clearly authorizes the seller to deliver or cause to be delivered

to the person called advertisements or telemarketing messages using an automatic telephone

dialing system or an artificial or prerecorded voice, and the telephone number to which the

signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R.

§ 64.1200(f)(8).

## FACTUAL ALLEGATIONS

14.     Defendant Leaf Home is a "person" as the term is defined by 47 U.S.C.

§ 153(39).

15.     At no point has the Plaintiff sought out or solicited information regarding

Defendant's services prior to receiving the pre-recorded calls at issue. And he has never

consented to Defendant's calls.

Call to Plaintiff Johnson

16.     Mr. Johnson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17.     Mr. Johnson's cellular phone number, (301) 659-XXXX is on the National Do Not Call Registry since 2012.

18.     Mr. Johnson has never provided his written consent to receive telemarketing calls from the Defendant.

19.     Despite that, Mr. Wilson received a pre-recorded telemarketing call from the Defendant on May 5, 2022.

20.     The call played a pre-recorded message.

21.     The pre-recorded message said, "Hello, this is Rachel from Leaffilter Gutter Protection…"

22.     The call was clearly pre-recorded because (a) there was a significant pause before the robot started speaking (b) the robot had a generic monotone voice (c) there was a generic robot message not personalized for the recipient and (d) the other Plaintiff received the same pre-recorded message.

Call to Plaintiff Wilson

23.     Mr. Wilson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

24.     Mr. Wilson's cellular phone number, (541) 999-XXXX is on the National Do Not Call Registry.

4

25.     Mr. Wilson has never provided his written consent to receive telemarketing calls from the Defendant.

26.     Despite that, Mr. Wilson received a pre-recorded telemarketing call from the Defendant on November 9 and 11, 2024.

27.     The calls played a pre-recorded message.

28.     The pre-recorded message said, "Hello, this is Rachel from Leaffilter Gutter Protection…"

29.     The call was clearly pre-recorded because (a) there was a significant pause before the robot started speaking (b) the robot had a generic monotone voice (c) there was a generic robot message not personalized for the recipient and (d) the other Plaintiff received the same pre-recorded message.

30.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

31.     Plaintiffs bring this action on behalf of themselves and the following Class pursuant to Federal Rule of Civil Procedure 23.

32.     Plaintiff propose the following Class definitions, subject to amendment as appropriate:

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff (5) from four years prior to the filing of the Complaint through trial.

33.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the class as he has no interests that conflict with any of the class members.

34.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

35.     Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

36.     This Class Action Complaint seeks injunctive relief and money damages.

37.     The Class are defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

38.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes members number, at minimum, in the hundreds in each class.

39.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

40.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

6

41.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

42.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) Whether the Defendant used pre-recorded message to send telemarketing calls;
>
> (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class.

44.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

7

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(b) on behalf of the Robocall Class

46.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

48.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49.     If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

50.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from sending an artificial or prerecorded voice, except for emergency purposes, to any cellular telephone number in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from sending an artificial or prerecorded voice, except for emergency purposes, to any cellular telephone number in the future;

B.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: January 16, 2025                PLAINTIFF, on behalf of themselves
                                       and others similarly situated,


                                       */s/ Brian T. Giles*
                                       Brian T. Giles (0072806)
                                       GILES & HARPER, LLC
                                       7247 Beechmont Ave.
                                       Cincinnati, Ohio 45230
                                       Telephone:  (513) 379-2715
                                       bgiles@gilesharper.com

9