**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| CHET MICHAEL WILSON and ANTWANE JOHNSON, on behalf of themselves and others similarly situated, | ) | CASE NO. 5:25-cv-00522-JRA |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | **DEFENDANT LEAFFILTER NORTH, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT** |
| LEAFFILTER NORTH, LLC, | ) | |
| Defendant. | ) | |

Defendant LeafFilter North, LLC ("LeafFilter" or "Defendant"), by and through undersigned counsel, hereby answers Plaintiffs' Class Action Complaint ("Complaint") as follows.[1] Though LeafFilter restates certain of Plaintiffs' headings and subheadings for clarity, it denies any allegations contained within any headings and subheadings. All allegations not specifically admitted herein are denied.

**<u>In Response to Nature of Action</u>**

1. LeafFilter states that Plaintiffs' characterization of and quotation from the decision *Barr v. American Association of Political Consultants*, 140 S.Ct. 2335 (2020) is a legal conclusion to which no response is required. To the extent an answer is required, LeafFilter denies the allegations contained in Paragraph 1 of the Complaint and respectfully refers this Court to the full decision for the actual language and full text.

2. LeafFilter admits Plaintiffs attempt to bring this putative class action regarding the alleged receipt of unsolicited calls in violation of the Telephone Consumer Protection Act ("TCPA"). LeafFilter denies that there is any factual or legal basis for the claims alleged, the relief

[1] Defendant provided its waiver of service to Counsel for Plaintiffs on January 20, 2025. Defendant's answer is due March 20, 2025.

sought or for classwide treatment. Answering further, LeafFilter denies each and every remaining allegation set forth in the Paragraph 2 of the Complaint.

3. LeafFilter admits Plaintiffs attempt to bring this putative class action regarding the alleged receipt of unsolicited calls in violation of the TCPA. LeafFilter denies that there is any factual or legal basis for the claims alleged, the relief sought or for classwide treatment. Answering further, LeafFilter denies each and every remaining allegation set forth in the Paragraph 3 of the Complaint.

4. LeafFilter denies each and every allegation contained in Paragraph 4 of the Complaint.

**In Response to Parties**

5. LeafFilter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6. LeafFilter admits that it is a limited liability corporation. LeafFilter denies that it is "located in this District." LeafFilter is located in Hudson, OH which is in Summit County. The United States District Court for the Northern District of Ohio (not the Southern District of Ohio) serves Summit County.

**In Response to Jurisdiction and Venue**

7. LeafFilter admits the allegations contained in Paragraph 7 of the Complaint.

8. LeafFilter admits that the Northern District of Ohio has personal jurisdiction and proper venue with respect to LeafFilter. Answering further, LeafFilter denies each and every allegation contained in Paragraph 8 of the Complaint.

9. LeafFilter admits that venue is proper in the Northern District of Ohio. Answering further, LeafFilter denies each and every allegation contained in Paragraph 9 of the Complaint.

**In Response to Background**

10. LeafFilter states that Plaintiffs' characterization of and citation to the 47 U.S.C. § 227 and *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014 (2003) is a legal conclusion to which no response is required. To the extent an answer is required, LeafFilter denies the allegations contained in Paragraph 10 of the Complaint and respectfully refers this Court to the statute and decision for the actual language and full text.

11. LeafFilter states that Plaintiffs' characterization of and citation to (1) 47 U.S.C. § 227(b)(1)(A)(iii), (2) 47 C.F.R. § 64.1200(a)(2), and (3) *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830 (F.C.C. 2012) is a legal conclusion to which no response is required. To the extent an answer is required, LeafFilter denies the allegations contained in Paragraph 11 of the Complaint and respectfully refers this Court to the statute, regulations, and decision for the actual language and full text.

12. LeafFilter states that Plaintiffs' characterization of and quotation from 47 C.F.R. § 64.1200(f)(12) is a legal conclusion to which no response is required. To the extent an answer is required, LeafFilter denies the allegations contained in Paragraph 12 of the Complaint and respectfully refers this Court to the statute for the actual language and full text.

13. LeafFilter states that Plaintiffs' characterization of and quotation from 47 C.F.R. § 64.1200(f)(8) is a legal conclusion to which no response is required. To the extent an answer is required, LeafFilter denies the allegations contained in Paragraph 13 of the Complaint and respectfully refers this Court to the statute for the actual language and full text.

**In Response to Factual Allegations**

14. LeafFilter states that Paragraph 14 of the Complaint consists of a legal conclusion to which no response is required. To the extent an answer is required, LeafFilter denies the allegations contained in Paragraph 14 of the Complaint and respectfully refers this Court to the cited statutory provision for the actual language and full text.

15. LeafFilter denies each and every allegation set forth in Paragraph 15 of the Complaint.

16. LeafFilter states that Paragraph 16 of the Complaint consists of a legal conclusion to which no response is required. To the extent an answer is required, LeafFilter denies the allegations contained in Paragraph 16 of the Complaint and respectfully refers this Court to the cited statutory provision for the actual language and full text.

17. LeafFilter denies that cellular telephone numbers can properly be registered on the national do-not-call list. LeafFilter lacks sufficient knowledge regarding the remaining allegations contained in Paragraph 17 of the Complaint, and therefore denies the same.

18. LeafFilter denies each and every allegation set forth in Paragraph 18 of the Complaint.

19. LeafFilter denies each and every allegation set forth in Paragraph 19 of the Complaint.

20. LeafFilter denies each and every allegation set forth in Paragraph 20 of the Complaint.

21. LeafFilter denies each and every allegation set forth in Paragraph 21 of the Complaint.

22. LeafFilter denies each and every allegation set forth in Paragraph 22 of the Complaint.

23. LeafFilter states that Paragraph 23 of the Complaint consists of a legal conclusion to which no response is required. To the extent an answer is required, LeafFilter denies the allegations contained in Paragraph 23 of the Complaint and respectfully refers this Court to the cited statutory provision for the actual language and full text.

24. LeafFilter denies that cellular telephone numbers can properly be registered on the national do-not-call list. LeafFilter lacks sufficient knowledge regarding the remaining allegations contained in Paragraph 24 of the Complaint, and therefore denies the same.

25. LeafFilter denies each and every allegation set forth in Paragraph 25.

26. LeafFilter admits that as a result of the prior express written consent to be contacted that LeafFilter contends was provided, outbound calls were placed on November 9 and 11, 2024 to the phone number beginning with (541) 999-XXXX. Answering further, LeafFilter states that the term "telemarketing" is a legal conclusion to which no response is required. To the extent an answer is required, LeafFilter denies this allegation. LeafFilter denies each and every remaining allegation contained in Paragraph 26 of the Complaint.

27. LeafFilter admits that as a result of the prior express written consent to be contacted that LeafFilter contends was provided, outbound calls were placed on November 9 and 11, 2024 to the phone number beginning with (541) 999-XXXX. LeafFilter denies that all such calls involved the use of prerecorded voice messages, but admits that one call placed on each date involved a prerecorded voice message. LeafFilter denies each and every remaining allegation contained in Paragraph 27 of the Complaint.

28. LeafFilter admits that as a result of the prior express written consent to be contacted that LeafFilter contends was provided, outbound calls were placed on November 9 and 11, 2024 to the phone number beginning with (541) 999-XXXX. LeafFilter denies that all such calls involved the use of prerecorded voice messages, but admits that one call placed on each date involved a prerecorded voice message that began with the phrase quoted in Paragraph 28 of the Complaint. LeafFilter denies each and every remaining allegation contained in Paragraph 28 of the Complaint.

29. LeafFilter admits that as a result of the prior express written consent to be contacted that LeafFilter contends was provided, outbound calls were placed on November 9 and 11, 2024 to the phone number beginning with (541) 999-XXXX. LeafFilter denies that all such calls involved the use of prerecorded voice messages, but admits that one call placed on each date involved a prerecorded voice message. LeafFilter denies each and every remaining allegation contained in Paragraph 29 of the Complaint.

30. LeafFilter denies each and every allegation set forth in Paragraph 30 of the Complaint.

**In Response to Class Action Allegations**

31. LeafFilter admits that Plaintiffs bring this case as a putative class action. LeafFilter denies that there is any factual or legal basis for the claims alleged, the relief sought or for class wide treatment. Answering further, LeafFilter denies each and every remaining allegation set forth in Paragraph 31 of the Complaint.

32. LeafFilter admits that Plaintiffs bring this case as a putative class action. LeafFilter denies that there is any factual or legal basis for the claims alleged, the relief sought or for class

wide treatment. Answering further, LeafFilter denies each and every remaining allegation set forth in Paragraph 32 of the Complaint.

33. LeafFilter denies each and every allegation set forth in Paragraph 33 of the Complaint.

34. LeafFilter admits that Plaintiffs seek to exclude certain persons from their putative class definition, but denies that there is any factual or legal basis for the claims alleged, the relief sought or for class wide treatment. Answering further, LeafFilter denies each and every remaining allegation set forth in Paragraph 34 of the Complaint.

35. LeafFilter denies each and every allegation set forth in Paragraph 35 of the Complaint.

36. LeafFilter admits that Plaintiffs bring this case as a putative class action, seeking injunctive relief and monetary damages. LeafFilter denies that there is any factual or legal basis for the claims alleged, the relief sought or for class wide treatment. Answering further, LeafFilter denies each and every remaining allegation set forth in Paragraph 36 of the Complaint.

37. LeafFilter denies each and every allegation contained in Paragraph 37 of the Complaint.

38. LeafFilter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' knowledge and belief contained in Paragraph 38 of the Complaint, and therefore denies the same. Answering further, LeafFilter denies each and every allegation set forth in Paragraph 38 of the Complaint and states that no such class is certifiable.

39. LeafFilter denies each and every allegation set forth in Paragraph 39 of the Complaint.

40. LeafFilter denies each and every allegation set forth in Paragraph 40 of the Complaint.

41. LeafFilter denies each and every allegation set forth in Paragraph 41 of the Complaint.

42. LeafFilter denies each and every allegation set forth in Paragraph 42 of the Complaint.

43. LeafFilter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the experience or commitment of Plaintiffs' counsel, and therefore denies this allegation. LeafFilter denies each and every remaining allegation set forth in Paragraph 43 of the Complaint.

44. LeafFilter denies each and every allegation set forth in Paragraph 44 of the Complaint.

45. LeafFilter lacks sufficient knowledge regarding the allegations contained in Paragraph 45 of the Complaint, and therefore denies the same.

**In Response to First Cause of Action**

46. LeafFilter incorporates by reference each of the preceding answers as though fully set forth herein.

47. LeafFilter denies each and every allegation set forth in Paragraph 47 of the Complaint.

48. LeafFilter denies each and every allegation set forth in Paragraph 48 of the Complaint.

49. LeafFilter states that Paragraph 49 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, LeafFilter denies the same.

50. LeafFilter admits that Plaintiffs bring this case as a putative class action and are seeking injunctive relief. LeafFilter denies that there is any factual or legal basis for the claims alleged, the relief sought or for class wide treatment. Answering further, LeafFilter denies each and every remaining allegation set forth in Paragraph 50 of the Complaint.

**In Response to Payer for Relief**

In response to the prayer for relief, LeafFilter denies that there is any legal or factual basis for any of the relief, including class treatment, that Plaintiffs seek to achieve or recover in the Complaint's Prayer for Relief. LeafFilter specifically denies each and every request for relief made by Plaintiffs.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiffs, LeafFilter hereby asserts the following affirmative and other defenses to Plaintiffs' Complaint.

### FIRST DEFENSE
### (Prior Express Consent)

Plaintiffs' claims are barred because, on information and belief, Plaintiffs provided legally sufficient consent to receive the calls at issue.

### SECOND DEFENSE
### (Arbitration)

Upon information and belief, Plaintiffs' and the putative class members' claims (if any) are subject to an arbitration provision. LeafFilter's investigation into this affirmative defense is ongoing.

### THIRD DEFENSE
### (No Standing)

Plaintiffs' claims are barred because, on information and belief, they lack both standing and statutory standing to pursue any claims for these alleged violations.

### FOURTH DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred to the extent they seek to recover for calls outside of the statute of limitations.

### FIFTH DEFENSE
### (No Covered Calls)

Plaintiffs' claims are barred to the extent no prerecorded voice actually played on each alleged prerecorded call at issue.

**SIXTH DEFENSE**
**(Substantial Compliance & Good Faith)**

Plaintiffs' claims are barred as a result of LeafFilter's substantial compliance with the TCPA. Further, Plaintiffs' claims are barred because LeafFilter acted in good faith and had reasonable grounds for reasonably relying upon and believing that it acted properly with respect to the communications at issue.

**SEVENTH DEFENSE**
**(No Direct or Vicarious Liability)**

Plaintiffs' claims are barred to the extent Plaintiffs are suing over calls LeafFilter did not make and that LeafFilter cannot be vicariously liable for.

**EIGHTH DEFENSE**
**(Violation of the Fifth and Eighth Amendments)**

The statutory damages provision of the TCPA violates the Due Process Clause under the Fifth Amendment to the Constitution and the Eighth Amendment to the Constitution. If a class were to be certified and liability were found, the statutory damages award would be grossly disproportionate to any "harm" suffered by the class members.

**NINTH DEFENSE**
**(Violation of the First Amendment)**

The TCPA violates the First Amendment of the United States Constitution because it places unconstitutional restrictions on LeafFilter's constitutional rights under the Free Speech Clause. The provisions at issue are thus unenforceable.

**TENTH DEFENSE**
**(*De Minimis* Harm)**

Plaintiffs' alleged harm, if any, was *de minimis*, and is thus unrecoverable.

**ELEVENTH DEFENSE**
**(Invited the Harm, Unclean Hands, Waiver, and Equitable Limitations)**

Plaintiffs' claims are barred by the doctrines of *volenti non fit injuria*, unclean hands, estoppel, laches, waiver, failure to mitigate, consent, and other equitable limitations, particularly to the extent Plaintiffs intentionally invited the harm for which they now complain, delayed in bringing this case, failed to mitigate their damages, and/or contributed to the receipt of the calls at issue.

**TWELFTH DEFENSE**
**(Class Defenses)**

LeafFilter opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over LeafFilter's objections, LeafFilter asserts the defenses set forth herein against each and every member of the certified class.

**THIRTEENTH DEFENSE**
**(Reservation of Rights)**

LeafFilter specifically reserves the right to add additional affirmative defenses.

**JURY DEMAND**

LeafFilter demands a trial by jury for all issues so triable.

**WHEREFORE**, LeafFilter prays for judgment as follows:

1. Dismissal of the Complaint in its entirety with prejudice;

2. That Plaintiffs take nothing by the Complaint and that judgment be entered against Plaintiffs and in favor of LeafFilter;

3. That LeafFilter be awarded its costs of suit and reasonable attorneys' fees; and

4. That the Court award LeafFilter such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ Nora K. Cook*
NORA K. COOK (0086399)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: ncook@beneschlaw.com

*--and--*

MARK S. EISEN (*pro hac vice* to be sought)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Facsimile: 412.767.9192
Email: meisen@beneschlaw.com

*Attorneys for Defendant LeafFilter North, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on **March 18, 2025**, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

*/s/ Nora K. Cook*
*Attorney for Defendant LeafFilter North, LLC*